In re: Stanley S. GREY, Jr., Debtor.

**Michelle CLARK, Plaintiff,**

v.

**Stanley S. GREY, Jr., Defendant.**

**Bankruptcy No. 92–03950.**
**Adv. No. 93–6043.**

United States Bankruptcy Court,
D. Idaho.

June 22, 1993.

John L. Sullivan, Lynn, Scott, Hackney & Sullivan, Boise, ID, for plaintiff.

Rodney T. Buttars, Boise, ID, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALFRED C. HAGAN, Chief Judge.

The issue in this adversary proceeding is whether a debt owed the plaintiff by the defendant in the amount of $11,000.00 is a nondischargeable spousal support obligation or is a dischargeable claim arising from the distribution of the parties community property.

The parties were married from 1981 to 1986. In 1986, they obtained a decree of divorce from the District Court of the Fourth Judicial District of the State of Idaho in and for the County of Ada. The decree obligated the debtor/defendant to pay the $11,000.00 to the plaintiff. The decree does not label or attempt to categorize the character of the obligation as either spousal support or property division. Neither party was represented by counsel in the divorce proceedings, and they used a form purchased at a "law shop" to supply the court with a form of decree.

The decree further ordered the defendant to pay Plaintiff $200.00 per month child support for the minor child of the parties.

The pertinent clause in the divorce decree, with penned in additions by Judge Patricia G. Young, states:

4. The community residences of the parties shall be:

---

Granted to the plaintiff (Stanley S. Grey, Jr.), subject to the lien in favor of the Moore Financial Services in the amount of $33,660.00 for the Cole Rd. residence and to the City Federal Mortgage Company in the amount of $87,000.00 for the Prairie Rd. residence. The defendant (Michelle Clark) shall receive $11,000 upon the eventual sale of the Cole Rd. house. **The parties shall execute the necessary documents and the Defendant (Michelle Clark) shall be given a Promissory Note for $11,000 until the house is paid. PGY**

The plaintiff claims the purpose of the $11,000.00 lump sum obligation was to allow her a way to "start over again". It was to allow her to "get on her feet".

The defendant claims the obligation is for property division. The Cole Road property, however, appears to have been his separate property at the time of his marriage to the plaintiff since it was obtained by him as a result of a separation or divorce from a previous spouse.

Under these circumstances the plaintiff's testimony is consistent with the purpose of a lump sum payment to afford her an opportunity for a fresh start. The defendant possesses skills as a professional person and the plaintiff is relatively unskilled for purposes of producing income. Since the decree is devoid of any indication of the purpose of the $11,000.00 obligation the circumstances surrounding the parties separation and divorce would justify the categorization of the obligation as spousal support.

Accordingly, judgment will be entered on behalf of the plaintiff designating the $11,000.00 as a nondischargeable debt for "... maintenance for, or support ... in connection with a separation agreement under the provisions of 11 U.S.C. § 523(a)(5)." A separate form of judgment will be entered contemporaneous herewith.